**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:16-cv-21758-JAL/JG**

| | |
|---|---|
| COMMUNITY ASPHALT CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE TRAVELERS INDEMNITY | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**The Travelers Indemnity Company of America's**
**Motion for Summary Judgment and**
**Incorporated Memorandum of Law**

The Travelers Indemnity Company of America ("Travelers"), pursuant to the provisions of Fed R. Civ. P. 56(a) and Local Rules 56.1, moves the Court for the entry of a final summary judgment in its favor and against Community Asphalt Corporation ("Community"), based on the following grounds:

**I.      Introduction**

The case involves Community's claim for the entry of a declaratory judgment against Travelers in connection with Travelers' alleged obligation to defend and potentially indemnify Community in connection with a pending lawsuit in Florida state court against Community and several other defendants, "*Paul Owen v. Florida Department of Transportation*, *et al*, Miami-Dade Circuit Civil Case No. 13-017898-CA-01" (the "State Court Action"). The State Court Action involves claims by the underlying

1

plaintiff, Paul Owen ("Owen"), that he suffered bodily injuries when he tripped and fell while walking through a sidewalk renovation project in Miami Beach (the "Project"). Other defendants in the State Court Action include Construct Group Corp. ("Construct"), The Signal Group, Inc.("Signal Group"), and Stone Age Pavers, Inc. ("Stone Age"). It is undisputed that Travelers issued commercial general liability ("CGL") insurance policies to Construct, Signal Group, and Stone Age (collectively, the "Travelers Policies") which were in effect during the relevant time period .

Community asserts that Construct, Signal Group, and Stone Age all entered into subcontract agreements (the "Subcontracts") with Community in connection with the Project. The existence of those Subcontracts, which are not attached as exhibits to the State Court Complaint, but which are attached as exhibits to Community's complaint in this action, is not in dispute. Nor is there any dispute regarding Community's contention, as far as it goes, that the Subcontracts each contained a provision, at Paragraph 33, which required Construct, Signal Group, and Stone Age to maintain CGL policies which named Community as an additional insured via an appropriate endorsement. *See*, e.g., ECF No. 1-3 at p. 14.  Based upon the insurance requirements in the Subcontracts, Community claims it is an additional insured under the Travelers Policies and that Travelers has an obligation to defend and indemnify Community in connection with the State Court Action.

Community's claims fail, however, when they are examined in the context of the specific language in the additional insured endorsements in the Travelers Policies and the applicable duty to defend standard under Florida law. Any potential coverage for

2

Community under the Travelers endorsements is limited to instances where it has been sued for injuries caused by the acts or omissions of the named insureds, here, Construct, Signal Group, and Stone Age; Community does not qualify as an additional insured with respect to its own independent acts or omissions.

Under Florida law, a liability insurer's duty to defend is determined exclusively based upon a comparison of the allegations in the pending complaint against the putative insured with applicable policy provisions. Neither the actual facts nor the insured's version of the facts are pertinent to the determination of an insurer's duty to defend; the only "facts" that matter are the ones alleged in the pending complaint against the insured. Although Community's complaint in *this* action contains allegations regarding the Subcontracts and the nature of the specific work allegedly done by Construct, Signal Group, and Stone Age in connection the Project, none of those allegations are contained in the pending Fourth Amended Complaint (the "State Court Complaint") in the State Court Action. Accordingly, they should not be considered by the Court in determining whether Community is an additional insured in connection with the State Court Action.

II.     **Undisputed Facts**

Community claims additional insured status under the following commercial general liability insurance policies issued by Travelers: policy no. 4T-CO-2196P600-TIA-11, named insured "Construct Group Corp & GGC Foundation LLC," policy period 02/28/11 to 02/28/12 (the "Construct Policy"), policy no. DT-CO-913K7362-TIA-11, named insured "The Signal Group, Inc., Samahab, LLC," policy period 05/01/11 to 05/01/12 (the "Signal Group Policy"), and policy no. DT-CO-6361P766-TIA-11, named

3

insured "Stone Age Pavers, Inc. (As Per IL T8 00)," policy period 02/23/11 to 02/23/12 (the "Stone Age Policy"); in certain instances, the Construct Group Policy, the Signal Group Policy, and the Stone Age Policy will be collectively referred to as the "Travelers Policies."

The Travelers Policies all include Commercial General Liability Coverage Form CG 00 01 10 01 (the "CGL Coverage Form"), which, in pertinent part, states that Travelers:

> [W]ill pay those sums that *the insured* becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Emphasis added). Community is not listed as a named insured under any of the Travelers Policies, is not specifically identified as an "additional insured" in any endorsements contained in the Policies, and does not otherwise qualify as an "insured" under Section II - Who Is An Insured, as contained in the CGL Coverage Form included in the Policies.

The Travelers Policies also all include Blanket Additional Insured (Contractors) Form CG D2 46 08 05 (the "Blanket AI Endorsement"). In pertinent part, the Blanket AI Endorsement states that:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> 1.      WHO IS AN INSURED - (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

4

> a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and
>
> b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

A copy of the Blanket AI Endorsement is attached as Exhibit 1 to this motion.

Community, Construct, Signal Group, and Stone Age are all named as defendants in the State Court Complaint, a copy of which is attached to the complaint in this action as Exhibit I; *see* ECF No.1-11.

The State Court Complaint alleges that:

> 4. On or about December 8, 2011, Defendants COMMUNITY ASPHALT, [Construct Group]. HDR, BPA, STONE AGE PAVERS, ATLANTIC PAVING, and SIGNAL GROUP were engaged in a sidewalk renovation project performed at approximately 71 North Shore Drive in Miami Beach, Florida, pursuant to an agreement with Defendant FDOT.
>
> 5. On December 8, 2011, Plaintiff PAUL OWEN was a pedestrian walking on the sidewalk at approximately 71 North Shore Drive in Miami Beach, Miami-Dade County, Florida.
>
> 6. At that time and place, Plaintiff's foot became caught on an uneven space between the pavers (bricks) and the sidewalk, causing Plaintiff to trip, fall forcefully to the ground, and suffer severe and permanent injuries.

Count II of the State Court Complaint is entitled "Negligence Claim Against Community Asphalt." In pertinent part, Count II alleges that:

> 14. Defendant COMMUNITY ASPHALT had a duty to perform and oversee the subject renovation project in a safe manner and ensure the safety of pedestrians in the area.

  15. Defendant COMMUNITY ASPHALT breached those duties by creating or allowing an unsafe condition to exist. Specifically, Defendant COMMUNITY ASPHALT negligently:

  a) Failed to perform and oversee the renovation project in a safe manner;

  b) Improperly installed pavers and concrete, thereby creating an uneven, unlevel sidewalk and trip hazard;

  c) Failed to close off the portion of the sidewalk where the project was underway and provide a safe detour for pedestrians;

  d) Left an incomplete sidewalk renovation project unattended and without warning for an unreasonable length of time; and

  e) Failed to warn Plaintiff of the dangerous condition.

A copy of the State Court Complaint is attached as Exhibit 2 to this motion. Although the State Court Complaint contains identical allegations of negligence against Construct, in Count III, Stone Age, in Count VI, and Signal Group, in Count VIII,[1] the State Court Complaint does *not* allege that Community is liable for any injury caused by the acts or omissions of either Construct, Signal Group, or Stone Age.

  While Travelers does not dispute that Construct, Signal Group, and Stone Age entered into subcontracts with Community in connection with the Project, the State Court Complaint does not allege the existence of any contractual relationship between Community and Construct, Signal Group, or Stone Age; the only reference to any type of contract or agreement in the State Court Complaint is found in paragraph 4, i.e., that all of the Defendants in the State Court Action were engaged in the sidewalk renovation project "pursuant to an agreement with Defendant FDOT." *See* ECF No. 1-11 at pp. 2-3.

---

[1] Count VIII does not allege that Signal Group "improperly installed pavers and concrete, thereby creating an uneven, unlevel sidewalk and trip hazard."

More specifically, the State Court Complaint does *not* allege that Construct, Signal Group, or Stone Age were Community's subcontractors or that Community is vicariously responsible for any injury caused by Construct's, Signal Group's, or Stone Age's acts or omissions, let alone separate counts against Community based upon Community's alleged vicarious liability for the acts or omissions of Construct, Signal Group, or Stone Age.

Community's complaint in this action also contains allegations regarding the specific nature of the work allegedly performed by Construct, Signal Group, and Stone Age in connection with the Project. *See* ECF No. 1 at p. 6, ¶¶ 25-27.  *The State Court Complaint, however, contains no corresponding allegations*.

Community's complaint in this action also attaches copies of three ACORD CERTIFICATES OF LIABILITY INSURANCE ("ACORD Certificates"), which identify Construct, Signal Group, and Stone Age as "named insureds" under certain policies, including the Travelers Policies; the Signal Group and Stone Age ACORD Certificates identify Community as an additional insured under the Signal Group Policy and the Stone Age Policy in connection with the Project. *See* ECF Nos. 1-6, 1-8, and 1-9. The ACORD Certificates also explicitly state that they do not independently extend any coverage to Community under the Travelers Policies and that any coverage which might be available to Community Asphalt will be governed by the terms of the Policies themselves. Specifically, each of the ACORD Certificates states on its face that "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFACTE HOLDER. THIS CERTIFICATE

DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW." The ACORD Certificates also state that:

> NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES.

*Id.* As such, the terms of the Blanket AI Endorsements in the Travelers Policies set the limits of any potential additional insured coverage available to Community and not the ACORD Certificates.

### III.    Legal Argument

#### a.    Summary judgment standard

The basic issue before the Court on a motion for summary judgment is whether the evidence presents a sufficient disagreement to require submission to a fact-finder or "whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in making this assessment the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997); *Vozzcom, Inc. v. Beazley Insurance Co.*, 666 F. Supp. 2d 1321, 1326 (S.D. Fla. 2009).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that that there be no *genuine* issue of *material* fact."

8

*Vozzcom, supra*, 666 F. Supp. 2d at 1326-27 (quoting *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 247-48) (emphasis in original).  "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 1327. "For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *United National Insurance Co. v. Best Truss Co.*, 2010 U.S. Dist. LEXIS 127976, 2010 WL 5014012, at *10 (S.D. Fla. December 3, 2010) (quoting *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005)) (citations omitted).

Travelers anticipates that Community will be filing a cross motion for summary judgment on the issue of Travelers' alleged duty to defend Community in connection with the State Court Action; while this fact "does not give rise to any presumption that no genuine issues of material fact exist," if both parties "proceed on the same legal theory and rely on the same material facts," then "the case is ripe for summary judgment."  *Doe v. Onebeacon America Insurance Co.*, 2014 U.S. Dist. LEXIS 144150, at *25 (N.D. Fla. October 29, 2014).

Under Florida law, "interpretation of an insurance contract, including determination and resolution of ambiguity, is a matter of law." *American Empire Surplus Lines Insurance Co. v. Chabad House of North Dade, Inc.*, 771 F. Supp. 2d 1336, 1340 (S.D. Fla. 2011); *West American Insurance Co. v. Band & Desenberg*, 925 F. Supp. 758, 760 (M.D. Fla. 1996), *affirmed*, 138 F. 3d 1428 (11th Cir. 1998). A court's "task is to interpret the meaning of an insurance contract and not re-write it." *American Empire, supra*, 771 F. Supp. 2d at 1340.

### b.      Duty to defend standard under Florida law

The rule is firmly established in Florida that "a liability insurer's obligation to defend a claim made against its insured must be determined from the allegations in the complaint." *Clarendon America Insurance Co. v. Burlington Insurance Co.*, 677 F. Supp. 2d 1317, 1321 (S.D. Fla. 2009). The duty to defend is determined "*solely* from the allegations of the complaint against the insured, *not by the actual facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses*." *State Farm Fire & Casualty Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir.2004) (citing *Amerisure Insurance Co. v. Gold Coast Marine Distributors, Inc.*, 771 So. 2d 579, 580-81 (Fla. 4th DCA 2000); *Auto-Owners Insurance Co. v. Elite Homes, Inc.*, 160 F. Supp. 3d 1307, 1310 (M.D. Fla. 2016) (same); and *Spaulding Decon, LLC v. Crum & Forster Specialty Insurance Co.*, 158 F. Supp. 3d 1293, 1297 (M.D. Fla. 2016) (same).

No duty to defend arises where the allegations in the complaint show that no coverage exists or that policy exclusions apply. *James River Insurance Co. v. Bodywell Nutrition, LLC,* 842 F. Supp. 2d 1351, 1354 (S.D. Fla. 2012), citing *Posigian v. American Reliance Insurance Co. of New Jersey*, 549 So. 2d 751, 753 (Fla. 3d DCA 1989). Unsupported, conclusory "buzz words" are insufficient to trigger coverage. *State Farm Fire & Casualty Co. v. Steinberg,* 393 F. 3d 1226, 1230 (11th Cir. 2004). Inferences are insufficient to trigger coverage. *Fun Spree Vacations, Inc. v. Orion Insurance Co.*, 659 So. 2d 419, 421-22 (Fla. 3d DCA 1995).

Under Florida law, because duty to defend under is much broader than duty to indemnify, "a court's determination that the insurer has no duty to defend requires a finding

that there is no duty to indemnify." *See, e.g., Burlington Insurance Co. v. Normandy General Partners*, 560 Fed. Appx. 844, 847-48 (11th Cir. 2014); *Alpha Property & Casualty Insurance Co. v. Sub Somsap-Vongkhamsao*, 123 F. Supp. 3d 1342, 1347 (M.D. Fla. 2015); *Philadelphia Indemnity Insurance Co. v. Yachtsman's Inn Condominium Association, Inc.*, 595 F. Supp. 2d 1319, 1322 (S.D. Fla. 2009); and *Nova Casualty Co. v. Waserstein*, 424 F. Supp. 2d 1325, 1332 (S.D. Fla. 2006) (citing *Fun Spree Vacations, Inc. v. Orion Insurance Co.*, 659 So. 2d 419, 421 (Fla. 3d DCA 1995).

**c.     Because the State Court Complaint alleges that Community is potentially liable to Owen *only* for Community's own independent acts or omissions and does *not* allege that Community is potentially liable for injuries caused by the acts of omissions of Construct, Signal Group, or Stone Age, Community is not an additional insured and Travelers has no duty to defend or indemnify Community in connection with the State Court Action.**

Florida law could not be clearer that this Court's determination of Travelers duty to defend Community must be restricted to the allegations in the State Court Complaint and should not extend to Community's allegations in its complaint in this action regarding the nature of Construct's, Signal Group's, and Stone Age's respective involvement in and contractual relationships with Community in connection with the Project. As noted, the State Court Complaint does not allege that Community is vicariously liable or otherwise responsible for the acts or omissions of Construct, Signal Group, or Stone Age. Rather, the State Court Complaint alleges the same independent acts or omissions on the part of Community as it does against Construct, Signal Group, and Stone Age.

In numerous instances, federal district courts applying Florida law have considered and rejected similar claims for additional insured coverage where the

underlying state court complaints did not allege that the putative additional insured was vicariously liable for the direct fault of the named insured subcontractor. *See*, *e.g.*, *Bradford v. Mid-Continent Casualty Co.*, 143 F. Supp. 3d 1215, 1229 (M.D. Fla. 2015); *King Kole Condominium Association, Inc. v. Mid-Continent Casualty Co.*, 21 F. Supp. 3d 1296, 1298-99 (S.D. Fla. 2014); *United Rentals, Inc. v. Mid-Continent Insurance Co.*, 843 F. Supp. 2d 1309 (S.D. Fla. 2012); *White Springs Agricultural Chemicals, Inc. v. Gaffin Industrial Services, Inc.*, 2014 U.S. Dist. LEXIS 29663 (M.D. Fla. March 6, 2014); and *Mid-Continent Casualty Co. v. Construction Services & Consultants, Inc.*, 2008 U.S. Dist. LEXIS 30718, *6-15 (S.D. Fla. March 31, 2008). These cases, which all involve comparable endorsements and policy language, make it very clear that additional insured status will only be provided when the party claiming coverage has been sued for vicarious liability resulting from the named insured's negligence. As discussed *supra*, the State Court Complaint does not allege that Community is vicariously liable for Construct's, Signal Group's, or Stone Age's direct fault; rather, Community has been sued exclusively for its own acts and omissions.

In context, the State Court Complaint is not distinguishable from the underlying complaint discussed by the court in *Construction Services & Consultants*:

> Each of the defendants is alleged to have committed separate and independent wrongs which may have combined to cause a single injury. There are no allegations that any one party is liable because of the wrongful acts of another. Thus, based upon the amended complaint in the underlying suit, the parties would not be able to argue, and the trier of fact could not be asked to find, that any one defendant was liable to Juarez based upon the acts or omissions of any of the other defendants. While the defendants could be found joint tortfeasors, based upon their own acts or omissions which may have jointly contributed to [plaintiff's] injury, the

>amended complaint does not permit any defendant to be found vicariously liable for the acts or omissions of each other.

2008 U.S. Dist. LEXIS 30718 at *13-14. The same is true with regard to the State Court Complaint here; that complaint alleges the exact same acts and omissions against Community, Construct, Signal Group, and Stone Age and there is nothing in the State Court Complaint which would permit Community to be found vicariously liable for the acts or omissions of Construct, Signal Group, and Stone Age.

A virtually identical claim for additional insured coverage under the exact same Travelers Blanket AI Endorsement was considered and rejected just last week by the United District Court for the Western District of Louisiana, in *Louisiana United Businesses Association Casualty Insurance Co. v. J&J Maintenance, Inc.*, 2016 U.S. Dist. LEXIS 142295 (W.D. La. October 13, 2016). In that case, Travelers insured DeLoach, a subcontractor of J&J Maintenance on a dental clinic remodeling project; the subcontract between DeLoach and J&J required DeLoach to maintain CGL insurance and indemnify and defend claims against J&J that were based at least in part on DeLoach's negligence. DeLoach was insured by Travelers and the Travelers policy there contained the exact same Blanket AI Endorsement at issue in this case. *See* 2016 U.S. Dist. LEXIS 142295 at *7. J&J was sued after the employee of a DeLoach was electrocuted while working on the project and J&J then filed a third party complaint against DeLoach (which otherwise was entitled to worker's compensation immunity). J&J also filed a third party complaint against Travelers claiming additional insured status under the Traveler/DeLoach policy. The original suit against J&J, which J&J sought additional insured coverage for, alleged that J&J failed to comply with safety regulations and

allowed work near live electrical wires; J&J's third party complaint against DeLoach contained similar negligence allegations against DeLoach. *Id.* at *9-10. The parties agreed that under the Travelers policy, J&J could have additional insured status if was being sued for DeLoach's actions, but not if was being sued for its own actions. *Id.* at *7.

J&J argued that it was an additional insured because the original claims against it were both based on DeLoach's actions. The court disagreed, stating:

> J&J's overarching argument for both claims is that because DeLoach could have taken the same actions for which the claims are alleging J&J is liable, J&J's liability arises out of DeLoach's action. J&J bases its argument on the pleadings filed against DeLoach by J&J and other defendants. This logic is faulty, and it also asks the court to look beyond the insurance policy and the complaints. Two different pleadings that allege that two parties did the same actions do not lead to the logical conclusion that the first party actually committed the action and the second party is being held liable for the first party's actions. Rather a plain reading, leads to the conclusion that both parties acted similarly and their respective actions are attributed to them individually.

*Id.* at *8-9. The court also noted that under Louisiana's "Eight Corners" Rule, which like Florida law restricts the duty to defend analysis solely to a comparison of the insurance policy with the complaint for which coverage is sought, the court was precluded from considering anything beyond the complaint against J&J (and, therefore, it could not consider J&J's allegations against DeLoach). *Id*. at *9.

This Court should follow the court's analysis in *J&J Maintenance*; here, the fact that both Community, on the one hand, and Construct, Signal Group, and Stone Age, on the other, were all sued based upon the exact same allegations of negligence does *not* "lead to the logical conclusion that [Construct, Signal Group, and Stone Age] actually committed the action[s] and [Community] is being held liable for [Construct's, Signal

Group's, and Stone Age's] action." To the contrary, and just as the *J&J Maintenance* court concluded, a "plain reading, leads to the conclusion that both parties acted similarly and their respective actions are attributed to them individually." Accordingly, the Court should find that Community's actions must be attributed to it individually, and not to Construct, Signal Group, and Stone Age. Because the Blanket AI Endorsement unambiguously limits potential coverage to instances where the party claiming additional insured status has been sued for injuries caused by the acts or omissions of the named insured (and not for the putative additional insured's own acts or omissions), Community is not an additional insured and Travelers has no duty to defend Community in connection with the State Court Action.

Along these same lines, and as noted in some of these cases, Florida law requires a plaintiff to "specifically plead vicarious liability as a separate cause of action." *See King Kole*, 21 F. Supp. 3d at 1299 (citing *Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990) and *General Asphalt Company, Inc. v. Bob's Barricade's, Inc.*, 22 So. 3d 697, 699 (Fla. 3d DCA 2009); *Bradfield*, 143 F. Supp. 3d at 1229 (same). The absence of any separate vicarious liability claims against Community in the State Court Complaint further underscores why no additional insured coverage is available to Community under the Blanket AI Endorsements in the Travelers Policies.

While Community may argue that the Court should consider the scope of work actually performed by Construct, Signal Group, or Stone Age at the Project (or Community's contractual relationships with those parties) in evaluating Travelers' duty to defend Community, the State Court Complaint does *not* contain any allegations regarding

the specific nature of Construct's, Signal Group's, or Stone Age's work, let alone rely any of the Subcontracts as basis for the claim alleged against Community. Because Florida law is clear that neither the actual facts involved in the claim against the insured nor the insured's version of the facts is relevant to the duty to defend, the Court should reject any arguments along these lines. *See*, *e.g.*, *State Farm Fire & Casualty Co. v. Steinberg, supra*.

Application of these cases establishes that Community is not an additional insured and that Travelers has no duty to defend Community in connection with the State Court Action. In the absence of any duty to defend, Florida law is also clear that Travelers can have no duty to indemnify Community in connection with the State Court Action, either. *See, e.g., Burlington Insurance, supra*.

### IV. Conclusion

Because Community has only been sued in the State Court Action for its own acts and omissions and not for the fault of Construct, Signal Group, or Stone Age, Community is not entitled to coverage under the Blanket AI Endorsements in the Travelers Policies. Accordingly, Travelers respectfully requests this Court to enter a final summary judgment that Travelers has no duty to defend or indemnify Community in connection with the State Court Action.

Dated: October 17, 2016

Respectfully submitted,

/s/ W. Gray Dunlap, Jr.
W. Gray Dunlap, Jr.
Fla. Bar No. 0333220
Trial Counsel
W. Gray Dunlap, Jr., P.A.
146 Second Street North, Suite 310

St. Petersburg Florida 33701
(813) 321-1770
(813) 418-8923 (Fax)
gdunlap@wgd-law.com

*Attorneys for The Travelers
Indemnity Company of America*

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of The Travelers Indemnity Company of America's Motion for Summary Judgment has been filed electronically via the Court's CM/ECF system on October 17, 2016 and that a copy of the foregoing will be served electronically via the Court's CM/ECF system on the following:

Celia F. Randolph
Hankin & Giaramita, P.A.
7450 Griffin Road, Suite 270
Davie, FL 33314
crandolph@joejoelaw.com
pleadings@joejoelaw.com
.

/s/ W. Gray Dunlap, Jr.
Attorney