UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:16-cv-21758-JAL/JG

COMMUNITY ASPHALT CORPORATION )
)
Plaintiff, )
)
vs. )
)
THE TRAVELERS INDEMNITY )
COMPANY OF AMERICA, )
)
Defendant. )
)

**The Travelers Indemnity Company of America's
Reply to Community Asphalt Corporation's
Response and Memorandum of Law in Opposition to
Motion for Summary Judgment**

The Travelers Indemnity Company of America ("Travelers"), pursuant to the provisions of Local Rule 7.1(c), submits its Reply to Community Asphalt Corporation's ("Community") Response and Memorandum of Law in Opposition to Travelers' Motion for Summary Judgment ("Opposition") (ECF No. 29), as follows:[1]

---

[1] Travelers is filing this Reply based upon the provisions of Local Rule 7.1 and consistent with the docket entry for Community's Opposition, which states that Travelers' Reply is due on November 18, 2016. On November 8, 2016, the Court entered its endorsed Order to Show Cause directing Community to show why its Opposition should not be stricken as untimely (ECF No. 31). Community filed a Response to the Order to Show Cause on November 9, 2016 (ECF No. 32); Community contended that a briefing schedule previously proposed by the parties, *but which was never approved or adopted by the Court*, should control summary judgment briefing in this action rather than the Local Rules. To date, the Court has not issued a further Order on this issue. To the extent that the Court does not strike Community's Opposition and sets some other schedule for the remaining briefing in connection with the parties' Summary Judgment Motions, Travelers reserves the right to seek leave to supplement this Reply.

1

I.     Legal Argument

a.     Community's Opposition concedes that under Florida law only the allegations in the State Court Complaint are relevant to the duty to defend.

At the outset, Community's Opposition acknowledges that under Florida law, this Court's determination of Travelers' potential duty to defend Community must be restricted to the allegations in the State Court Complaint.[2] *See, e.g., Jones v. Florida Insurance Guaranty Association, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005). At least tacitly, Community appears to have abandoned its prior contention that the Court's duty to defend analysis should be based Community's allegations in its complaint in *this action* regarding the nature of Construct's, Signal Group's, and Stone Age's respective involvement in and contractual relationships with Community in connection with the Project (rather than upon the actual allegations in the State Court Complaint). Florida law is contrary to the approach which Community previously urged the Court to adopt and, in fact, could not be clearer in this context: the duty to defend is determined "*solely* from the allegations of the complaint against the insured, *not by the actual facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses*." *See, e.g., State Farm Fire & Casualty Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir.2004) (citing *Amerisure Insurance Co. v. Gold Coast Marine Distributors, Inc.*, 771 So. 2d 579, 580-81 (Fla. 4th DCA 2000).

---

[2] Except as specifically noted, Travelers' Reply will use the same defined terms as were used in Travelers' pending Motion for Summary Judgment (ECF No. 25).

> **b.    The Florida cases cited by Community regarding different additional insured endorsements are not applicable; the fact that the State Court Complaint does not assert vicarious liability claims against Community underscores the absence of coverage.**

The Travelers Blanket AI Endorsement only extends potential coverage to additional insureds for liability for "bodily injury" to the extent that the injury is "*caused by* the acts or omissions" of Travelers' named insureds; the person or organization seeking coverage does not "qualify as an additional insured with respect to the *independent acts or omissions* of such person or organization." *See* ECF No. 26 at p. 3. While Community's Opposition cites to *Container Corp. of America v. Maryland Casualty Co.*, 707 So. 2d 733 (Fla. 1998), *Florida Power & Light Corp. v. Penn America Insurance Co.*, 654 So. 2d 276 (Fla. 4th DCA 1995), and *Container Corp. of America v. McKenzie Tank Lines, Inc.*, 680 So. 2d 509 (Fla. 1st DCA 1996), the additional insured endorsements in these cases are all materially different from the Travelers Blanket AI Endorsement.

In *Container Corp.*, the issue was whether Container - the additional insured - would have potential coverage for its own negligence pursuant to an endorsement which specifically identified Container as an additional insured and  extended coverage "for operations at operations site" by the named insured. After reviewing prior Florida cases and cases from other states, the Florida Supreme Court held that the use of broad "operations" language in the endorsement, without any language limiting additional insured coverage to vicarious liability claims, created a duty to defend. Similarly, in *Florida Power & Light* the additional insured endorsement extended coverage for

3

"operations by or on behalf of the Named Insured," and in *McKenzie Tank Lines*, a certificate of insurance extended coverage "regarding operations performed by insured." In contrast, and as discussed in Travelers' Motion for Summary Judgment, the language in the Travelers Blanket AI Endorsement is different and unambiguously limits coverage to injuries "*caused by*" the named insured's acts or omissions (and specifically provides that the party seeking coverage does not qualify as an additional insured with respect to its *own independent acts or omissions*).

Subsequent to *Container Corp.*, the Florida Supreme Court has specifically held that similar "caused b*y*" language limits potential coverage to an additional insured to claims flowing from the active negligence of the named insured; no coverage is extended for the putative additional insured's independent acts of negligence. *See, e.g., Garcia v. Federal Insurance Co.*, 969 So. 2d 288, 291-94 (Fla. 2007). In *Garcia*, the Florida Supreme Court held that the a provision extending coverage to an additional insured only "with respect to liability because of acts or omissions'" of the named insured, only covered the additional insured's vicarious liability for the negligent acts or omissions of the named insured. 969 So. 2d at 291-92. The court succinctly held that the "policy does not cover an *additional insured's liability arising from her own negligent acts*." *Id*. (Emphasis added).

Community's Opposition ignores *Garcia* entirely; as the leading case on point from the Florida Supreme Court, this Court should not. Perhaps recognizing the futility of attempting to distinguish *Garcia*, instead Community attempts to distinguish several federal district court decisions cited by Travelers, *Bradford v. Mid-Continent Casualty*

4

*Co.*, 143 F. Supp. 3d 1215, 1229 (M.D. Fla. 2015); *King Kole Condominium Association, Inc. v. Mid-Continent Casualty Co.*, 21 F. Supp. 3d 1296, 1298-99 (S.D. Fla. 2014); *United Rentals, Inc. v. Mid-Continent Insurance Co.*, 843 F. Supp. 2d 1309 (S.D. Fla. 2012); *White Springs Agricultural Chemicals, Inc. v. Gaffin Industrial Services, Inc.*, 2014 U.S. Dist. LEXIS 29663 (M.D. Fla. March 6, 2014); and *Mid-Continent Casualty Co. v. Construction Services & Consultants, Inc.*, 2008 U.S. Dist. LEXIS 30718, *6-15 (S.D. Fla. March 31, 2008). Community first argues that this Court should completely disregard *United Rentals, King Kole,* and *Construction Services & Consultants* based upon *Mid-Continent Casualty Co. v. Royal Crane*, *LLC* 169 So. 3d 174 (Fla. 4th DCA 2015). Community reads too much into *Royal Crane*, however. In contrast to the decisions cited by Travelers, *Royal Crane* did not involve an additional insured endorsement at all, but rather *only* considered the extent of potential "insured contract" coverage flowing from a contractual indemnity agreement executed by the named insured. In turn, the definition of "insured contract" in the Mid-Continent policy at issue in *Royal Crane* extended to contracts in which the named insured assumed the tort liability for bodily injury "caused in whole *or in part*" by the named insured/indemnitor. Based upon this specific language - which is materially different than the language in the Travelers Blanket AI Endorsement - the *Royal Crane* court held that "an indemnity agreement can be an 'insured contract' under the policy where the injury is caused by the indemnitees negligence, so long as the named insured 'caused' *some part of the injuries or damages or is otherwise vicariously liable.*" 169 So. 3d at 183. In contrast, and as noted, the Travelers Blanket AI Endorsement specifically limits coverage to injuries caused by

5

the acts or omissions of the named insured and the party claiming coverage - here, Community - does not qualify as an additional insured for its own acts or omissions.

Community also argues that the *Royal Crane* holding somehow moots Judge Marra's discussion of the additional insured endorsement in *Construction Services & Consultants, Inc.* (referred to by Community in its Opposition as "*Transeastern*"); however, *Royal Crane* only cites to *Construction Services & Consultants* in connection with the "insured contract" issue and does not address the impact of the additional insured endorsement there at all. That endorsement was analogous to the Travelers Blanket AI Endorsement in that it limited coverage for the putative additional insured to liability "directly attributable" to the named insured's performance of its work for the putative additional insured. Significantly, in addition to relying upon the "insured contract" definition in the policy, Judge Marra also ruled that pursuant to the language of the additional insured endorsement, the party claiming coverage was "not an insured with respect to its own work or its own acts or omissions." 2008 U.S. Dist. LEXIS 30718, at *8.[3] Likewise, Judge Marra's discussion of the absence of potential vicarious liability on the part of the named insured based upon the underlying complaint allegations at issue in that case is equally applicable to the allegations in the State Court Complaint here. *See* Travelers Motion for Summary Judgment, ECF No. 25, at pp. 12-13.

---

[3] *Bradford v. Mid-Continent* involved the same additional insured endorsement which was at issue in *Construction Services & Consultants* and that court's discussion of the necessity of a vicarious liability claim against the putative additional insured for the direct negligence of the named insured is in no way impacted by the holding in *Royal Crane*.

Community's attempt to distinguish *White Springs Agricultural* is also unavailing. *White Springs Agricultural* involved an endorsement which stated that it extended additional insured coverage "solely for 'claims' or 'suits arising solely out of [the named insured's] negligence" and that coverage was not provided to additional insureds for suits "directly or indirectly 'arising from' the status, actions, or inaction, including (without limitation) for vicarious, derivative or strict liability of said Additional Insured"; the policy also stated that the insurer had no duty to defend an additional insured except when the "sole allegation against that insured is vicarious liability for the sole negligence of the Named Insured." 2014 U.S. Dist. LEXIS 29663 at *15. Contrary to Community's argument in its Opposition, the fact that the Travelers Blanket AI Endorsement does not include the words "vicarious liability" does not render the Endorsement ambiguous; *Garcia*, which controls, establishes that the Endorsement is *not* ambiguous and the provision in the Endorsement that a party seeking coverage does not qualify as an additional insured with respect to its own acts or omissions could hardly be any clearer in this regard.

Community's Opposition also completely ignores and makes no attempt to distinguish the cases applying Florida law which require a plaintiff to "specifically plead vicarious liability as a separate cause of action." *See King Kole*, 21 F. Supp. 3d at 1299 (citing *Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990) and *General Asphalt Company, Inc. v. Bob's Barricade's, Inc.*, 22 So. 3d 697, 699 (Fla. 3d DCA 2009); *Bradfield*, 143 F. Supp. 3d at 1229 (same). The absence of any separate vicarious liability claims against Community in the State Court Complaint further underscores why no

7

additional insured coverage is available to Community under the Blanket AI Endorsements in the Travelers Policies.

At p. 7 of its Opposition, Community also renews its previously prior argument that "exclusionary clauses in liability policies are always strictly construed." As previously noted, Travelers is *not* arguing that any exclusion bars coverage to Community. Travelers' position is that Community is simply not covered to begin with and Community's Opposition fails to point to any policy exclusion which Travelers is purportedly relying upon. In this regard, Community's Opposition also ignores applicable Florida law which holds that it is the purported insured's burden to establishing it is entitled to coverage under a policy. *Herrera v. C.A. Seguros Catatumbo*, 844 So. 2d 664, 668 (Fla. 3d DCA 2003) (insured bears the burden of proving coverage); *see also Evanston Insurance Co. v. Haven South Beach, LLC*, 152 F. Supp. 3d 1370, 1374 (S.D. Fla. 2015) (in determining the existence of a duty, "[a] person seeking to recover on an insurance policy has the burden of proving a loss from causes within the terms of the policy")..

Community's Opposition again cites to Florida cases for the general proposition that ambiguities in insurance policies are interpreted against insurers. *See, e.g., Swire Pacific Holdings, Inc. v. Zurich Insurance Co.*, 845 So. 2d 161 (Fla. 2003). The Florida Supreme Court has also made it clear, however, that to allow for such a construction, *a policy provision must actually be ambiguous. Taurus Holdings, Inc. v. United States Fidelity & Guaranty Co.*, 913 So. 2d 528, 532 (Fla. 2005). As discussed, in *Garcia*, *supra*, the Florida Supreme Court specifically rejected arguments that similar "caused by"

8

language in an additional insured endorsement was ambiguous. 969 So. 2d at 291-94. As the Court held in *Garcia* "the phrase 'any other person with respect to liability *because of acts or omissions*' of the named covers only an additional insured's vicarious liability for the negligent acts or omissions of the named insured." 969 So. 2d at 294 (Emphasis added). *Garcia* dooms Community's ambiguity argument.

Finally Community contends that this Court should refuse to even consider *Louisiana United Businesses Association Casualty Insurance Co. v. J&J Maintenance, Inc.*, 2016 U.S. Dist. LEXIS 142295 (W.D. La. October 13, 2016), where the court considered and rejected a virtually identical claim for additional insured coverage under the exact same Travelers Blanket AI Endorsement. Community argues that *J&J Maintenance* irrelevant because it was decided under Louisiana law, however, nothing in that decision suggests that the outcome would have been different under Florida law; additionally, and contrary to Community's contention at p. 10 of its Opposition, the outcome of *J&J Maintenance* was not predicated upon any agreement between the parties there that an allegation of vicarious negligence was required. In this regard, Travelers incorporates its prior discussion of *J&J Maintenance* by reference. *See* ECF No. 25, at pp. 13-14.

> c.  **Because Community is *not* an additional insured *or* a Named Insured under the Travelers Policies, the "Separation of Insureds" provision in the Policies is irrelevant to Community's claims against Travelers.**

At p. 10 of its Opposition, Community generally renews its prior "Separation of Insureds" argument; Travelers respectfully refers the Court to the discussion contained in

Travelers Memorandum of Law in Opposition to Community's Motion for Summary Judgment on this issue. *See* ECF No. 27, at pp. 7-11.[4]

## II.     Conclusion

Because Community has only been sued in the State Court Action for its own acts and omissions and not for the fault of Construct, Signal Group, or Stone Age, Community is not entitled to coverage under the Blanket AI Endorsements in the Travelers Policies. Accordingly, Travelers respectfully requests this Court to enter an order granting Travelers' Motion for Summary Judgment.

Dated: November 18, 2016

Respectfully submitted,

/s/ W. Gray Dunlap, Jr.
W. Gray Dunlap, Jr.
Fla. Bar No. 0333220
Trial Counsel
W. Gray Dunlap, Jr., P.A.
146 Second Street North, Suite 310
St. Petersburg Florida 33701
(813) 321-1770
(813) 418-8923 (Fax)
gdunlap@wgd-law.com

*Attorneys for The Travelers Indemnity Company of America*

---

[4] Community's final argument in its Opposition was that Travelers should be precluded from raising certain affirmative defenses in its Reply. *See* ECF No. 29, at pp. 10-11. Regardless of the merits of this argument (Community cited no authority), Travelers' Reply does not rely upon any of these affirmative defenses.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of The Travelers Indemnity Company of America's Reply to Community Asphalt, Inc.'s Response and Memorandum of Law in Opposition to Motion for Summary Judgment has been filed electronically via the Court's CM/ECF system on November 18, 2016 and that a copy of the foregoing will be served electronically via the Court's CM/ECF system on the following:

Celia F. Randolph
Hankin & Giaramita, P.A.
7450 Griffin Road, Suite 270
Davie, FL 33314
crandolph@joejoelaw.com
pleadings@joejoelaw.com
      .

                                                      /s/ W. Gray Dunlap, Jr.
                                                      Attorney